PEOPLE v. STURGEON.

1. MUNICIPAL CORPORATIONS—POLICE POWER—LICENSES—STANDARDS.
    The municipal power to license, when not conferred by the legis-
    lature, must bear a proper relation to the police power and be
    a reasonable exercise thereof and the legislative body of the
    municipality must set up such standards to guide and control
    the licensing body as are reasonably possible and practicable,
    especially as to clearly legitimate occupations to which some
    evil may have attached itself.

2. SAME—LICENSES—STANDARDS—ARBITRARY POWER.
    Failure to provide standard in ordinance conferring licensing
    power is an indication of an attempt to confer arbitrary
    power; a limited exception being made as to the character or
    suitability of an applicant where the power to regulate is
    vested in the city, but such power must be exercised reason-
    ably and not arbitrarily.

3. SAME—ORDINANCES—PUBLIC HEALTH.
    Ordinance regulating business of used automobile dealers *held*,
    invalid insofar as it attempted to operate as a health measure,
    there being nothing about the business which makes it in-
    herently dangerous to public health nor prevents preservation
    of public health through the enforcement of general regula-
    tions, impartially operating.

4. Licenses—Used Automobile Dealers—Municipal Corporations.
   In view of the fact that the business of dealing in used automobiles is lawful, is licensed by the State and the legislature has conferred no express power upon cities to license and regulate it, it cannot be classed as such a dangerous business as would warrant conferring broad discretion in the licensing of persons without a reasonably definite standard (1 Comp. Laws 1929, § 4671).

5. Municipal Corporations—Ordinances—Used Automobile Dealers.
   Ordinance vesting city commission with power to grant license for conducting business of used automobile dealer if applicant and place of business are proper and suitable, and public health will be best subserved *held*, invalid as an attempt to vest commission with arbitrary power, where ordinance contains no standard by which to determine whether person or place is proper and suitable and how public health will be best subserved.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 21, 1935. (Docket No. 125, Calendar No. 38,287.) Decided July 19, 1935.

Sam Sturgeon was convicted of dealing in used automobiles without a license. Reversed, without a new trial.

*Milton F. Cooney,* for appellant.

*Harry S. Toy,* Attorney General, and *William A. Evart,* City Attorney, for the people.

Fead, J. Defendant was convicted of engaging in and operating a used automobile dealer business in the city of Pontiac without having a license therefor, in violation of an ordinance. The provisions of interest are:

"Sec. 3. * * * The application (for license) shall be immediately referred by the city clerk to the city manager who shall cause an investigation to be

made of the fitness of the applicant as to character. The application shall then be transmitted with the recommendation of the city manager to the city commission and if, in the opinion of the city commission, the person making the application is a proper and suitable person, and the place to be used for such business is proper and suitable, having in mind the nature and character of the business and the possibility of the commission of crime, they shall authorize the granting of a license upon the payment of the license fee, which said license shall be issued by the city clerk.   *   *   *

"SEC. 3-A.   Before any such license is issued the director of public health shall examine the premises and ascertain if proper sanitary facilities are maintained on said premises.  He shall also determine if all health laws have been complied with by said applicant and if said premises are maintained in a sanitary manner.  The director of public health shall report his findings to the city commission.  If after consideration of said report the commission shall be of the opinion that the public health will be best subserved by rejecting said application, the commission in its judgment may reject the same.  The director of public health or any of his duly authorized agents, or the chief of police or any of his duly authorized agents, shall have authority to revoke or suspend for sufficient and proper causes any license issued under authority of this ordinance, by giving written notice of such action to the licensee, provided, that in the event of such revocation or suspension the licensee shall be entitled to a hearing before the city commission, if such hearing is demanded by him, in writing, and presented to the city clerk within 10 days from the date of revocation or suspension of said license.  Such hearing shall be started at the following regular meeting of the city commission and the city commission, after hearing both sides of the question, shall act as sole judge of whether or not the revocation or suspension shall stand.   *   *   *

"Sec. 3.-B. No used automobile dealer shall engage in such business or shall operate a used automobile yard in any residential district or residential city block after 60 per cent. of the persons owning property on both sides of the block in which such business is operated shall have made and filed with the city commission of the city of Pontiac a petition in opposition to such place of business and said commission shall, by resolution or otherwise, have acted on such petition."

Defendant contends the ordinance is in violation of the State and Federal Constitutions, is unreasonable, fixes no standard of qualifications, and permits unlawful discrimination and arbitrary action in granting and refusing licenses.

The city refers to no specific statutory or charter authority for the ordinance but urges its validity as an exercise of the police power to preserve public health. As originally adopted, the ordinance seems to have had the purpose of preventing crime (section 3) because it requires the dealer to keep the records prescribed by 1 Comp. Laws 1929, § 4671, under which the State licenses second-hand motor vehicle dealers, permits inspection by the police department, and requires other reports to the police. By amendment, it took on the character of a public health measure (section 3-A) and a zoning act (section 3-B). The record shows that defendant, who had been engaged in the business, was refused a license because the commission held there were no toilets or sanitary facilities on his premises, obnoxious odors came from a barn thereon, automobiles were parked over the sidewalk, and his conduct in operating the business had been "far from proper in the past."

It is fundamental that municipal power to license, when not conferred by the legislature, must bear a

proper relation to the police power and be a reasonable exercise thereof. In the exercise of the police power, through licensing, the legislative body of a city must set up such standards to guide and control the licensing body as are reasonably possible and practicable. 12 A. L. R. 1447, note; 48 A. L. R. 162, note. The rule gathers momentum as it leaves occupations inherently dangerous or bad and approaches those clearly legitimate but to which some evil may have attached itself. Contrary to the doctrine of *State* v. *Morrow,* 175 Minn. 386 (221 N. W. 423), relied on by the city, this court uniformly has held that the lack of a standard is an indication of an attempt to confer arbitrary power. *Hoyt Brothers, Inc.,* v. *City of Grand Rapids,* 260 Mich. 447; *Devereaux* v. *Township Board of Genesee Township,* 211 Mich. 38; *Melconian* v. *City of Grand Rapids,* 218 Mich. 397; *Postal* v. *Village of Grosse Pointe,* 239 Mich. 286.

A limited exception is made as to the character or suitability of the applicant where the power to regulate and license the business is vested in the city. *People* v. *Harley,* 230 Mich. 676; 12 A. L. R. 1450, note. Such power must be exercised reasonably and not arbitrarily.

Back of these rules, however, is the fundamental consideration of the power of the city to prohibit through licensing. Some excerpts from *In the Matter of Frazee,* 63 Mich. 396 (6 Am. St. Rep. 310), are in point:

"Regulation, and not prohibition, unless under clear authority of the charter, and in cases where it is not oppressive, is the extent of city power (p. 404).
* * *

"All by-laws made to regulate them must fix the conditions expressly and intelligently, and not leave them to the caprice of any one. The doctrine, as

applied to public officers, was recognized in *Horn* v. *People,* 26 Mich. 221. It is quite as applicable to the common council, acting by resolution on particular cases. The law must be impartial and general, or it is no law. *Waite* v. *Local Board of Health of Garston,* L. R. 3 Q. B. 5 (37 L. J. M. C. 19, 17 L. T. 201, 16 W. R. 78, 32 J. P. 228). It is only where power is given to license that permissive action can be left to particular cases (p. 406).     *    *    *

"This by-law is unreasonable, because it suppresses what is in general perfectly lawful, and because it leaves the power of permitting or restraining processions, and their courses, to an unregulated official discretion, when the whole matter, if regulated at all, must be by permanent, legal provisions operating generally and impartially (p. 407)."

The ordinance cannot be sustained as a reasonable health measure. There is nothing about the business which makes it inherently dangerous to public health nor prevents preservation of public health through the enforcement of general regulations, impartially operating. At most, the provisions of section 3-A could be sustained only as incidental conditions to the granting of a license. The basic power must be found elsewhere.

Section 3 sets up no standard of kind of place or building nor of location. The ordinance does not indicate, nor has it been suggested, in what manner the suitability of the place for the second-hand automobile business could have a connection with the possibility of the commission of crime.

It is a matter of common knowledge that stolen automobiles are sometimes sold through second-hand dealers. We need not determine whether such fact authorizes a city to control the business through licensing. In any event, in view of the fact that the business is lawful, is licensed by the State and the

legislature has conferred no express power upon the city of Pontiac to license and regulate it, it cannot be classed as such dangerous business as would warrant conferring broad discretion, and without a reasonably definite standard, in the licensing of persons.

An examination of the ordinance demonstrates that it sets up no standard. The determination of the "proper and suitable person," "proper and suitable" place, "proper sanitary facilities," that "the public health will be best subserved," mean that, in passing upon an application for license, the commission may establish its own standard and may vary it as to each applicant. The ordinance is invalid. *Hoyt Brothers, Inc.,* v. *City of Grand Rapids, supra.*

Reversed, without new trial.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.