## HOFF v. CITY OF KETCHIKAN.
### No. 1379.

District Court of Alaska. First Division. Ketchikan.
March 3, 1942.

222

McCain & Stearns, of Ketchikan, for appellant.

A. H. Ziegler, City Atty., of Ketchikan, for appellee.

ALEXANDER, District Judge.

This appeal is in the nature of a test case to determine the validity of an ordinance of the City of Ketchikan requiring every owner of a motor vehicle which is being operated or driven upon the public streets of the City of Ketchikan to first secure a license for such vehicle, the amount of such license being fixed at eight dollars per annum.

The validity of the ordinance requiring such license is questioned by the appellant for two reasons:

First: That the license fee provided for in said ordinance is, in substance and effect, a revenue measure, and hence invalid as applied to non-residents of the city.

Second: That said ordinance, even when treated as a license fee, is arbitrary and unreasonable, as imposing on appellant and others similarly situated, an unjust and unlawful exaction for the use of its streets, etc.

It is further contended that "Any doubt which might otherwise exist as to the nature of the tax in question is, we believe, conclusively settled by the stipulated fact that coincident with the passage of the amendment providing for the so-called license fee, the City abandoned and has not since resumed, the practice of levying a personal property tax on motor vehicles."

This, however, is not the language of the stipulation. The stipulation in question provides: "Prior to the enactment of the said city ordinance as amended, appellee regularly annually assessed and collected from the owners of

automobile vehicles within its limits ad valorem personal property taxes thereon. Since the enactment of said ordinance as amended, that is to say, from and after August 21st, 1940, no property taxes have been assessed or levied on any of the motor vehicles within said city, because of ownership thereof." .

What the purpose of such a provision in the stipulation was, the Court is unable to fathom. However, it merely recites two facts—First: That prior to the enactment of the ordinance in question the city annually assessed and collected from the owners of automobile vehicles within its limits ad valorem personal property taxes thereon; and— Second: Since the enactment of said ordinance no property taxes have been assessed or levied on motor vehicles within said city. This stipulation, therefore has nothing to do in determining the nature of the so-called tax in question, nor in fixing its status as a tax. Nor is there anything in the stipulation fixing any connection between the ordinance in question and the subsequent repeal of the personal property tax on motor vehicles.

 Concerning the licensing of automobiles American Jurisprudence says: "It is a well established principle of law that a state may enact reasonable licensing and legislation regulations."

And as to municipalities, the same authority says: "It is well settled as a general rule that since municipalities have the power to regulate the use of their streets they may enact valid rules and regulations for the government of motor vehicles within their precincts so long as they are not in conflict with or repugnant to legislative enactments governing the use of such vehicles. Thus, a city, in the absence of express or implied restrictions imposed by the legislature, may require the taking out of municipal licenses before an automobile may be used regularly within its limits." 5 Am.Juris. p. 568, §§ 93, 94.

The authority of municipal corporations in this jurisdiction to enact such ordinances is specifically granted to

them by the legislature by Section 2383, C.L.A.1933 in subsections seventeenth and twenty-first:

"Section 2383. General Powers of Council.

"The council shall have and exercise the following powers:

"Seventeenth: To take such other action by ordinance, resolution or otherwise, as may be necessary to protect and preserve the lives, the health, the safety and the well being of the people of the city.

"Twenty-first: By general ordinance to provide for the licensing and regulating of the use and operation of motor vehicles within the municipality and to prescribe the qualifications of persons operating or driving such vehicles * * * Provided, That all licenses, regulations, qualifications and fares, prescribed by the council, shall be fair and reasonable."

It therefore appears that the council of the City of Ketchikan, under the specific powers granted to all municipalities of Alaska, has the specific power "by general ordinance to provide for the licensing and regulating of the use and operation of motor vehicles within the municipality"; and by subsection seventeenth the city is invested with the additional police power, "To take such other action by ordinance, resolution or otherwise as may be necessary to protect and preserve the lives, the health, the safety and the well being of the people of the city."

Under such powers the City has the authority to pass an ordinance such as that in question, provided of course that licenses so prescribed shall be fair and reasonable and otherwise legal.

Appellant contends that the ordinance in question assumes to exact, under the guise of a license fee, a tax, and that the ordinance in question is in substance and effect a revenue measure, hence invalid as applied to non-residents of the city.

The rule as applied to the interpretation of statutes, which includes municipal ordinances, is:

"The purpose of the legislature in enacting tax laws must be gathered from the statutes themselves and not from the allegations of the bill attacking them." Anderson v. Smith, 8 Alaska 470, and numerous cases there cited.

"The amount of the fee which may be levied under the police power is limited to that necessary to the administration of the law; or, as sometimes expressed, the amount must not be disproportionate to the cost of issuing a license for the regulation of the business to which it applies. The amount of the fee rests, to a certain extent, in the sound discretion of the legislature, which takes into consideration all the circumstances and necessities of the case. It will be presumed that the amount of the fee is reasonable unless the contrary appears upon the face of the law itself, or is established by proper evidence. The fact that revenue is incidentally derived does not invalidate the law as a police regulation, if such revenue is not so disproportionate as to make the fee charged unreasonable." 5 Am.Jur. pp. 581, 582, § 128.

Here the Court cannot say that the amount of the license is unreasonable, as it appears upon the face of the ordinance itself, and no evidence was offered as to its unreasonableness.

Corpus Juris states the rule thus: "Subject to the constitutional limitations and within the limitations of reasonableness, as heretofore considered, the determination of the amount or reasonableness of a license tax, whether imposed for the purpose of regulation or for revenue, ordinarily rests with the discretion of the legislative power in the state or municipality imposing the license or tax, and the exercise of such discretion will not be interfered with by the courts, unless it is clearly apparent that there has been an abuse of discretion and that the fee or tax is arbitrary, unreasonable, oppressive or prohibitive. If the fee or tax is imposed under the police power as a means of regulation the courts will interfere to declare the act or ordinance void only where it is obvious there has been an

abuse of discretion and that the fee or tax is beyond the limits of a police regulation and is unreasonable or oppressive." 37 C.J. p. 193, § 43.

■ And in the same volume, at page 194, Section 44, we find the following: "Thus the reasonableness of a license fee on motor vehicles as a police regulation generally depends on the cost of registering, supervising and keeping in control such vehicles, the density of population, conditions of public travel, etc.; and the fee or tax may be based not only on the amount necessary for policing such vehicles but also upon the injury caused by them to the public highways."

■ On the point raised by appellant, that the city has no power or authority to levy a property tax on motor vehicles or other personal property located without the city limits and in the ownership of non-residents we have already decided that the ordinance in question does not levy a tax but is a license required for the use of its streets, enacted under the police powers granted to it by the legislature.

■■ The law as applied to non-residents in this situation is stated in 37 C.J. Section 85, p. 232, thus:

"The mere fact that the owner or operator of vehicles lives beyond the corporate limits does not prevent the municipality from requiring a license and imposing a license tax on his vehicles used in carrying on a business or occupation within the municipality, *or in otherwise continually using the streets of the municipality,* but such a license or tax cannot be imposed on vehicles of non-residents where business or pleasure casually or occasionally carries them into the city."

"The term 'use', in an ordinance regulating the use of the streets of a city by persons who use vehicles thereon and requiring the payment of certain license fees therefor, has reference to a continued or repeated practice and includes non-residents as well as residents."

In the instant case it is agreed by stipulation filed herein that the appellant Hoff is a citizen of the United States and of the Territory of Alaska and has his permanent place of residence and abode on the highway about six miles southeast of the City of Ketchikan and without the limits of said city; that appellant is a laborer by occupation and during all the times with which this appeal is concerned was regularly employed as a laborer by the Ketchikan Spruce Mills situated within the city limits of Ketchikan. In going from his residence to his place of employment and in returning therefrom to his home, plaintiff regularly drove his automobile, which, during his hours of employment he customarily parked on the streets of Ketchikan in the vicinity of the mill. Appellant and his family likewise used said automobile within the city limits of Ketchikan for purposes of pleasure and to shop, etc.

Numerous cases might be cited as supporting the texts quoted, but as the texts appear to fully and fairly state the law as gathered from the cases supporting it, we have, in the interests of brevity, omitted them.

The Court therefore holds, that the ordinance in question was a valid exercise of the authority conferred on the City of Ketchikan by the legislature; that the exaction in question is of a license fee and not a tax, and that as such it is not unjust or unreasonable, and that the appellant, although a non-resident of the city, but continually using its streets, is subject to the payment of the license fee in question.

Findings and judgment may be prepared accordingly.