## CITY OF ANCHORAGE v. BRADY'S FLOOR COVERING.

### No. A–7457.

District Court, Alaska
Third Division, Anchorage.
July 24, 1952.

718

Ralph E. Moody, Anchorage, Alaska, for plaintiff.

John E. Manders, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

The defendant appeals from a judgment of conviction rendered in the Municipal Magistrate's Court for the City of Anchorage for operating a business without a City business license, in violation of Section 102.1, Chapter 8, General Code of the City of Anchorage, Alaska.

The proceeding was submitted to the Court on the record, the applicable law of the Territory of Alaska and the ordinances of the City of Anchorage.

Section 102.1 provides:

"No person shall engage or be engaged in the operation, conduct or carrying on of any trade, profession, business or privilege without first obtaining a license from the City in the manner provided for in this chapter; where no other license fee is provided for in the General Code, the fee required of a business shall be One Dollar ($1.00); said license to be issued for an indefinite period of time not to exceed the 31st of December of the year in which issued."

A municipal corporation exercises only delegated powers, and has no inherent power to levy a tax by way of a license or otherwise, or to exact a license fee for conducting any business or occupation. To sustain this ordinance, the City's authority must be found in some act of the Legislature which expressly or by necessary implication vests such power in the City. If there is any fair or reasonable doubt as to the extent of power so delegated, the doubt must be resolved against the municipality. Condon v. Village of Forest Park, 278 Ill. 218, 115 N.E. 825, L.R.A.1917E, 314.

The provision quoted is either a revenue or a regulatory measure.

As a tax the fee would be beyond the authority of the City since nowhere has there been a grant of power to impose such a tax for revenue. Section 16–1–35(7), (8) and (9), A.C.L.A.1949.

In essence, plaintiff argues that this measure should be upheld, if not as a tax then as a general exercise of the police power under Section 16–1–35(6), (17) and (24), A.C. L.A.1949.

No express authority to require a license is given. As a regulatory license, authority for which is implied under the police power, it is necessary to find that

this ordinance concerns trades, professions, businesses or privileges affected with a public interest which the City has the power to regulate and that there is a reasonable relation between the license fee and the cost of regulation by the City. People v. Sturgeon, 272 Mich. 319, 262 N.W. 58.

 This blanket ordinance attempts no classification of trades or occupations but by its terms encompasses all those which are not covered by other provisions of the General Code of the City. As a result, a number of occupations, which by their nature do not so affect the public interest as to require regulation under the police power, are required by the terms of this ordinance to pay a fee. Condon v. Village of Forest Park, supra; McQuillin on Municipal Corporations, 3rd ed., Sec. 24.09. Because some occupations so intimately influence the welfare of the public as to require regulation, it does not follow that all of them can be required to secure a license for their existence. No necessity is shown for the regulation of the floor covering business, in which the defendant is engaged. There is no attempt to restrict the operation of this license to businesses which peculiarly affect the public health, safety or welfare, such as plumbing, Ex parte Smith, 231 Mo. 111, 132 S.W. 607; taxicabs, Fenwick v. City of Klamath Falls, 135 Or. 571, 297 P. 838; electricians, City of Tucson v. Stewart, 45 Ariz. 36, 40 P.2d 72, 96 A.L.R. 1492, and like enterprises which have been controlled.

Section 16–1–35(16), A.C.L.A.1949, authorizes the City to regulate businesses affecting the public interest, not all businesses as encompassed by this ordinance. The power should be strictly construed. McQuillin on Municipal Corporations, 3rd ed., Sec. 26.24.

The same reasoning applies to Section 16–1–35(17), A.C.L.A.1949.

Section 16–1–35(24), A.C.L.A.1949, merely authorizes the City to promulgate building and zoning regulations. This is insufficient from which authority to license the doing of business as such may be spelled out. It sets forth a specific purpose for the exertion of the police power—the construc-

tion and use of buildings. Manifestly, this may not be expanded to include the *existence* of business.

Since the Court finds that the ordinance was not authorized by the laws of the Territory, it is unnecessary to consider the point that any authority of the City to license has been superseded by Chapter 43, Session Laws 1949.

Judgment reversed.