CITY OF KODIAK, Alaska, A Municipal Corporation, Appellee,
v. Tony VALTMAN and Paul H. Stover, Appellants.
Cr. Nos. 3395, 3400.

District Court, Alaska. Third Division, Anchorage.
April 25, 1957.

John E. Manders, Anchorage, Alaska, for appellants.
Charles W. Hughes, Kodiak, Alaska, for appellee.

McCARREY, District Judge.

■ This is an appeal from a decision in the City Magistrate's Court for the City of Kodiak, and, under the laws of the Territory of Alaska, is heard by this court as a trial de novo. 16–1–70, A.C.L.A.1949. See United States v. Meyers, D.C.Alaska 1st Div. 1903, 2 Alaska 158; Jorge, Application of, D.C.Alaska 3d Div. 1945, 10 Alaska 633, 639; and Notes of Decision, p. 2496, A.C.L.A.1949.

On July 12, 1948, the City of Kodiak enacted Ordinance No. 131, amending Ordinance No. 122, which, among other things, provides as follows:

"Section 1. *That all owners of Motor Vehicles, who operate or drive any Motor Vehicle upon the public streets of the City of Kodiak, Alaska, are required to register and obtain a license for the privilege of using said streets regardless of whether the user is a resident of the City of Kodiak or a resident of adjacent territory.* (Emphasis supplied.)

"Section 2. The registration and license shall be applicable to all Motor Vehicles using the streets of the City of Kodiak, the owners of which vehicle reside within the territorial confines of the City of Kodiak, Alaska, and all Motor Vehicles using the streets of the City of Kodiak, Alaska, *the owners of which vehicles reside within two miles of any boundary line of the said city* * * *." (Emphasis supplied.)

"Section 3. *That this license shall replace personal property taxes upon Motor Vehicles,* the owners of which Motor Vehicles reside within the territorial confines of the City of Kodiak, Alaska. (Emphasis supplied.)

"Section 4. The fee for each City Vehicle license shall be: .

"(a) For all automobiles and trucks of ¾ ton capacity or less, $10.00 per vehicle.

"(b) For all commercial vehicles and trucks of more than ¾ ton capacity, $15.00 per vehicle.

"(c) For all commercial Motor Vehicles regardless of tonage or capacity which are used on

the streets of the City of Kodiak, for peddling, catering or in any other door to door soliciting or selling, $15.00 per vehicle * * * ."

" . . ./s/ Lee C. Bettinger
Mayor

"Attest:
/s/ Myrna Perkins
Clerk

"Passed and approved under suspension of the rules on July 12, 1948."

All military vehicles are excluded from this ordinance, and those military vehicles which do use the streets of the City of Kodiak are issued the license, upon application, without charge.

On March 5, 1956, Rose Valtman, wife of the defendant Tony Valtman, was arrested and issued a ticket while driving on the streets inside the corporate limits of the City of Kodiak, for failure to register and obtain a city license in conformance with Ordinance No. 131. On March 9, 1956, Paul Stover was arrested for the same offense.

A stipulaiton as to the essential facts has been made by the parties; I consider recitation of certain parts of the evidence essential to the determination of this matter. The defendant Tony Valtman is married, has four children, and lives one mile outside of the corporate limits of the City of Kodiak. He is a civilian employee at the Kodiak Naval Air Station and uses the streets of Kodiak daily in going to and from his work. He and his family also use the streets for shopping, going to and returning from school with their children, obtaining medical and professional advice, and, occasionally, when attending social gatherings or utilizing entertainment facilities.

The defendant Paul H. Stover is single, lives 100 feet beyond the corporate limits of the City of Kodiak, and is

employed by the Bureau of Public Roads. Because of the physical location of his home, and since there are no other roads, it is ordinarily necessary that he, like the defendant Valtman, use city streets in going to and from his work, as well as for a number of the reasons set forth in the case of the defendant Valtman.

In 1955 the City of Kodiak collected $51,000 from 1308 cars licensed under this ordinance. In 1956 the city collected $62,000 for 1650 cars licensed. All monies thus collected are expended for the repair and maintenance of the city streets.

The City Manager, Chester Ricker, testified that all monies collected under this ordinance are placed in a separate fund and are used solely for the repair and maintenance of the streets; that none of the money is placed in the general fund.

The City Manager further testified that he thought the sticker which is placed upon the windshield of a motor vehicle under this ordinance would cost about 5¢, but that the total cost of the certificate to the City of Kodiak, together with its administration, would be approximately $1.00. This sum, however, he felt would not necessarily include the cost to the City of Kodiak for the time the Police Department used in policing the vehicles under this ordinance.

Only two legal questions need be answered by the court. First, is Ordinance No. 131 a regulatory or a revenue-producing measure? Second, if it is revenue producing, may the City of Kodiak, under the laws of the Territory of Alaska, impose such a tax on those individuals owning and operating vehicles and using the streets of the city? For practical reasons, these questions will be answered in inverse order.

Counsel for the City of Kodiak relies principally upon the case of Hoff v. City of Ketchikan, D.C.Alaska 1st Div.

1942, 10 Alaska 220. The facts in that case, however, are different from those in the present case in that apparently no evidence was introduced as to the reasonableness of the fee imposed or its relation to the cost of regulation, Id., 10 Alaska at page 226, where the court said:

> " * * * no evidence was offered as to its unreasonableness."

In the Hoff case, the plaintiff operated a motor vehicle within the City of Ketchikan. The city required, by ordinance, that the operator pay a license fee of $8 on each car. Hoff lived outside the city but worked within the corporate confines and parked his vehicle within the city limits while at work. Judge Alexander found for the city, decreeing that the licensing ordinance was merely a regulation within the city's power to impose under its police power.

This Ketchikan case is readily distinguishable from that of the case at bar for the reason that evidence of the cost of the Kodiak ordinance has been adduced.

■■ It is universally agreed that a city may only impose those taxes which are authorized by the legislature. Town of Fairbanks v. Independent Meat Market, D.C. Alaska 4th Div.1910, 4 Alaska 147; Foster's, Inc., v. Boise City, 1941, 63 Idaho 201, 118 P.2d 721; 5A Am.Jur. 306; Eugene Theatre Co. v. City of Eugene, 1952, 194 Or. 603, 243 P.2d 1060; United States v. City of Kodiak, D.C. Alaska 3rd Div.1955, 132 F.Supp. 574, 15 Alaska 566. In the case of Eugene Theatre Co. v. City of Eugene, the court said:

> "[243 P.2d at page 1067] *It is an established rule of law that the power to tax is not inherent in a municipal corporation.* The authority to tax is not only a delegated authority conferred by the state, but it is assumed that the state has given all

it intended should be exercised, and the grant, like that of all special and limited grants, is to be strictly construed. Where municipal authority to tax is doubtful, the doubt is to be resolved against the tax and in favor of the taxpayer." (Emphasis supplied.)

As the Oregon court states above, any doubts as to the validity of the tax will be indulged in favor of the taxpayer. Town of Fairbanks, supra, 4 Alaska at page 149.

] However, if the ordinance is construed to be a regulation, the presumption is the reverse. The city may use all reasonable means to regulate its streets. Hoff, supra, 10 Alaska at page 226. The fact that the regulation, in fact, raises some revenue above the cost of administration will not necessarily invalidate the regulation. Id., 5A Am.Jur. 294; 53 C.J.S. Licenses § 19, p. 519; Foster's, supra, 118 P.2d at page 728, where the Idaho court states:

"The fact, that the fees charged produce more than the actual cost and expense of the enforcement and supervision, is not an adequate objection to the exaction of the fees."

 It is with interest we note that while a city may enforce a regulatory ordinance, the fact that such an ordinance produces revenue does not necessarily invalidate it. At what point then does an ordinance cease to be regulatory and become a revenue-producing measure? This poses a most difficult solution. As far as I am able to determine, the best test is set up in the Eugene Theatre Co. case, supra, where the Oregon court says:

"[243 P.2d at page 1065] It is well established that a license imposed for regulatory purposes should not materially exceed the expense of issu-

ing the license, and of necessary inspection and regulation of the business licensed."

Or, as stated at 53 C.J.S. Licenses § 19, p. 517:

"If the fee or tax is imposed in the exercise of the police power for purposes of regulation, as a general principle the amount which may be exacted may include, and must be limited and reasonably measured by, the necessary or probable expenses of issuing the license, and of such inspection, regulation, and supervision as may be lawful and necessary."

As the Idaho court said in Foster's, supra:

"The charge made * * * must bear a reasonable relation to the thing to be accomplished. [Citations.] The spread between actual cost of administration and the amount of fees collected must not be so great as to evidence on its face a revenue measure rather than a license tax measure."

A second point is also determinative of the nature of the ordinance, and that is the ordinance itself. As the Oregon court said in Eugene Theatre Co.:

"The testimony of witnesses as to the motives, intents, or purposes of the common council in the adoption of this legislation is wholly immaterial. *The intent and purpose of the ordinance itself is material.*" (Emphasis supplied.)

Ordinance No. 131 of the City of Kodiak, which is in question, states in Section 3:

"That this license shall replace personal property taxes upon Motor Vehicles * * *."

 ] I think these considerations are the vital ones. With the exception of the last, they are more or less sum-

med up in Judge Folta's decision in City of Anchorage v. Brady's Floor Covering, D.C.Alaska 3d Div.1952, 105 F. Supp. 717, 718, 13 Alaska 741, where he found a tax imposed by the city invalid:

> "A municipal corporation exercises only delegated powers, and has no inherent power to levy a tax by way of license or otherwise, or to exact a license fee. * * * [t]he City's authority must be found in some act of the Legislature which expressly or by necessary implication vests such power in the City. If there is any fair or reasonable doubt as to the extent of power so delegated, the doubt must be resolved against the municipality. * * *
>
> "As a regulatory license, authority for which is implied under the police power, *it is necessary to find that * * * there is a reasonable relation between the license fee and the cost of regulation by the City.*" (Emphasis supplied.)

 The relation between the cost of administration and the cost of the license is the area between regulation and revenue which must be largely determined by the facts. In the case at bar, this question of fact appears to be simple and definite since the city's own officer admitted it probably would not exceed 10%. Thus, I can only conclude that the remaining 9/10 of the revenue derived from this ordinance is for the purpose of raising revenue.

It is perhaps inequitable that people who use the city's streets and facilities but reside outside of the corporate limits do not contribute to the cost of maintenance, but the Legislature of the Territory of Alaska has failed to make provision for such inequities and the court is limited by their implementation.

For the reasons stated, I find that the ordinance is invalid as applied to these defendants and hereby direct that judgment be entered accordingly. Counsel for the defendants is hereby ordered to prepare and submit such a judgment forthwith.