361 P.2d 1112

**OLSON CONSTRUCTION COMPANY, Thiokol Chemical Corporation, Utah Division; Empire Steel Company and Fife Rock Products Company, Plaintiffs,**

v.

**STATE TAX COMMISSION of Utah, Defendant.**

No. 9362.

Supreme Court of Utah.

May 18, 1961.

---

6. 6 Couch, Cyclopedia of Insurance Law, p. 5098.

VanCott, Bagley, Cornwall & McCarthy, David E. Salisbury, Salt Lake City, for plaintiffs.

Walter L. Budge, Atty. Gen., David E. West, Asst. Atty. Gen., for defendant.

CALLISTER, Justice.

This is a proceeding to review a decision of The State Tax Commission of Utah denying plaintiffs' claim for refund of sales tax. The facts were submitted by stipulation and are not in dispute.

Thiokol Chemical Corporation holds a prime contract with the United States Government for the construction of certain facilities near Brigham City, Utah. It awarded two subcontracts to Olson Construction Company, whereunder the latter agreed to construct certain buildings and other items for the project. Each of these subcontracts were to be performed for a lump sum price. In the course of fulfilling its contracts, Olson purchased building materials from Empire Steel Company and Fife Rock Products Company, upon which it paid a sales tax. No tax was imposed on any of the parties hereto, except Olson. Empire and Fife were merely the collectors of the tax and Thiokol joined in the petition because under the terms of the subcontracts it has reimbursed Olson for the taxes paid.

The question to be determined upon this review is, according to plaintiffs, whether sales of personal property to a contractor who is constructing facilities for the federal government are exempt from sales and use tax where the contracts involved provide for the vesting of title to all materials in the federal government upon delivery to the job site? Plaintiffs claim that such sales are sales for resale and thus exempt. It is the position of the Commission that the tax applies to all sales of tangible personal property made to the ultimate consumer and that Olson was the ultimate consumer of the building materials. No claim is made by plaintiffs that they are exempt from sales tax under Section 59–15–6, U.C.A.1953, which exempts from taxation all sales to the United States Government.

Section 59–15–4, U.C.A.1953, as amended, imposes a sales tax upon every "retail sale of tangible personal property made within the state of Utah." Section 59–15–2(e)

defines the term "retail sale" as "every sale * * * by a retailer or wholesaler to a user or consumer, except such sales as are defined as wholesale sales or otherwise exempted by the terms of this act"; and "retailer" is defined as a "person doing a regularly organized retail business in tangible personal property, known to the public as such and selling to the user or consumer and not for resale." Section 59–15–2(d) defines the term "wholesale" to mean the "sale of tangible personal property by wholesalers to retail merchants, jobbers, dealers or other wholesalers for resale, and does not include a sale by wholesalers or retailers to users or consumers not for resale."

In Utah Concrete Products Corp. v. State Tax Commission [1] this court held that contractors, engaged in the construction of a public project for a lump sum, were "consumers," within the meaning of the Sales Tax Act, of the materials purchased and used by them in the performance of their contract and, therefore, the sale of these materials was subject to the imposition of the sales tax. This holding should be controlling in the instant case unless, as claimed by the plaintiffs, the contracts involved and the regulations of the Commission make it distinguishable.

The Thiokol-Olson contracts provide, as does the prime contract between Thiokol and the government, that title to all property purchased by the contractor shall pass to and vest in the government immediately upon delivery to the site. At the time these contracts were executed there was in effect Sales Tax Regulation No. 58 of the Commission which provided for the following sales tax exemption:

> "Where the contract provides that title to the materials purchased shall vest in the government or instrumentality thereof prior to its use in the construction, the purchase by the contractor shall be deemed a purchase for resale and the contractor shall be required to obtain a sales tax license."

We do not think that the inclusion of provisions in the contracts seeking to cast them in the mold of sales of tangible personal property alters the essential nature or effect of the contracts. Under these contracts, Thiokol undertook to purchase and pay for the materials when, and only when they had been incorporated into the completed facilities.[2] Olson purchased the materials, not to resell them in their original form, but for the purpose of changing their very nature from personal to real property. Nor does the fact that Olson, in bidding the jobs, allocated the price as between materials on the one hand and

1. 101 Utah 513, 125 P.2d 408.

2. See: Steiner Constr. Co. v. Comptroller, 209 Md. 453, 121 A.2d 838.

labor or other items on the other change the nature of the contracts. Olson, under the holding of the Utah Concrete Products case, is the ultimate consumer and the contractual provisions do not alter this fact.

 Nor does the quoted provision of Sales Tax Regulation No. 58 aid the plaintiffs. The Commission has since deleted this provision from its regulations and now contends, with some embarrassment, that it had no legal basis and was contrary to law. We agree with this contention. The regulation went beyond permissible limits of administrative interpretation since it would, on the facts of this case, nullify the applicable statutory definitions of the terms "retail sale" and "retailer" and would grant an exemption where the statutes grant none. This court, while recognizing the possibility that one might be penalized by reliance upon an invalid administrative regulation, has held that an administrative interpretation out of harmony and contrary to the express provisions of a statute cannot be given weight and, to do so, would in effect amend that statute.[3]

Affirmed. No costs awarded.

WADE, C. J., and McDONOUGH, HENRIOD and CROCKETT, JJ., concur.

3. Utah Hotel Co. v. Industrial Commission, 107 Utah 24, 151 P.2d 467, 153 A.L.R. 1176.