**CITY OF JUNEAU, Plaintiff,**

v.

**BAKER AND FORD CO., a Washington corporation, Defendant.**

**No. J-6-67.**

United States District Court
· D. Alaska,
at Anchorage.

Jan. 5, 1968.

Douglas L. Gregg, Stabler, Gregg, Kohls & Schulz, Juneau, Alaska, for plaintiff.

Allan A. Engstrom, Connor & Engstrom, Juneau, Alaska, for defendant.

## MEMORANDUM OPINION

VON DER HEYDT, District Judge.

This is an action to recover damages and interest for an alleged use tax liability claimed by the plaintiff to be due and owing from defendant. Plaintiff contends that defendant is liable under its sales and use tax ordinance [1] for taxes upon property used and consumed in construction of a building on a contract bid award at Juneau, Alaska, for the United States of America. For the reasons set forth hereafter, it is defendant's position that the tax claimed is not due the city. Cross motions for summary judgment have been filed.

A review of the pleadings is appropriate, because this decision is limited to a construction of Section 5–1–11(K) of the ordinance. Plaintiff's complaint appears to allege that the tax sought to be imposed is both a sales tax and a use tax.[2] Defendant contends (1) that it is not liable for the sales tax because there was no taxable sale within the city, and (2) that it is not liable for the use tax because it resold the materials in the regular course of business.

In its reply memorandum directed to defendant's motion for summary judgment, plaintiff notes that the tax is not a sales tax on the proceeds or gross receipts of defendant's contract with the United States, but rather is a use tax on the cost of materials and supplies consumed in the performance of that contract under Section 5–1–11(K). That section provides that a taxable event occurs by "importing, or causing to be imported, property from outside the City for sale or for rent, storage, distribution, use or consumption within the City. * * * *" Since plaintiff does not seek to tax the gross receipts of defendant's contract with the government, the issue of immunity is not here involved. Therefore, this decision considers only the applicability of the use tax as imposed by Section 5–1–11(K).

For reasons hereafter noted, plaintiff's motion for summary judgment is granted upon the issue of liability. Plaintiff has not proved with sufficient specificity the amount, if any, which is due it, and summary judgment will not be granted with respect thereto.[3]

It is clear that if doubt exists as to the coverage of a municipal taxing ordinance it must be resolved in favor of the taxpayer.[4] No such doubt exists here.

---

1. Ordinance 492, § 5–1–1 et seq. (1964). All sections referred to hereafter refer to the sales tax ordinance.

2. The basis for the former is that the exception to the exemption for sales to a governmental body or an agency thereof, as set forth in Section 5–1–12(L), applies to defendant. That exception states that

   the exemption shall not be applicable to the sale of materials and supplies to contractors for the manufacture and production therefrom of property for sale to government agencies on a contract bid award, in which event the contractor shall be deemed the buyer or consumer or user subject to payment of the tax.

   Defendant responded that a taxable sale is a prerequisite for the applicability of

the exception to the exemption. Since none of the materials were purchased in the City there is no taxable sale. The exception to the exemption, defendant therefore contends, is not applicable and the exemption grants immunity to it.

3. Summary judgment as to liability alone is proper under Rule 56(c), Federal Rules of Civil Procedure.

4. E. g., City of Sedalia ex rel. and to Use of Ferguson v. Shell Petroleum Corp., 81 F.2d 193 (8th Cir. 1936); City of Los Angeles v. Belridge Oil Co., 260 P.2d 217 (Cal.App.1953), rev'd on other grounds, 42 Cal.2d 823, 271 P.2d 5 (1954). See Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932); City of Kodiak v. Valtman, 17 Alaska 123 (1957).

Sales and use taxes are complementary and supplemental.[5] They are "designed to catch all transactions which result in tangible personal property joining the aggregate of capital assets within this state."[6]

Here plaintiff seeks to collect taxes imposed on the cost of materials and supplies used and consumed in the construction of the building, not on the proceeds of defendant's contract with the federal government. Defendant asserts that the goods were for resale in the regular course of its business, and therefore not taxable under the definition of "use" as set forth in Section 5–1–2.[7]

Defendant's position is contrary to the weight of authority, which holds that when a contractor imports materials for the construction of a building, the sale of the building thereafter is not a resale of the imported materials in the regular course of business.[8]

The last phrase of Section 5–1–12(L) is in accord with this interpretation. That phrase provides that the contractor is deemed to be the buyer, consumer, or user of the goods in this type of situation.[9]

The rules and regulations (Nos. 2 and 4) which accompany the ordinance also support this interpretation. These establish a tax upon the importation or use of personal property, but only where such importation or use does not lead to another taxable sale, use or rent. The obvious purpose of this provision is to tax a transaction involving specific articles at the highest possible rate, as the tax may be imposed only once. Consequently, the importation or use of property will not be taxed initially if it may later be taxed when it is sold and after its value has been enhanced. Here, the "sale" of the materials is to the federal government after they have been used in the construction of the building. Since the federal government is exempt from taxation this "sale" is not a taxable event, and the initial importation and use is taxable under Section 5–1–11(K).

Plaintiff's Motion for Summary Judgment upon the issue of liability only is granted. Plaintiff's counsel may prepare an appropriate order.

Defendant's Motion for Summary Judgment is denied.

---

5. Union Oil Co. of California v. State Board of Equalization, 60 Cal.2d 441, 34 Cal.Rptr. 872, 386 P.2d 496 (1963); General Motors Corp. v. State Commission of Revenue and Taxation, 182 Kan. 237, 320 P.2d 807, cert. denied, 358 U.S. 875, 79 S.Ct. 115, 3 L.Ed.2d 105 (1958). See Halliburton Oil Well Cementing Co. v. Reily, 373 U.S. 64, 83 S.Ct. 1201, 10 L.Ed.2d 202 (1962).

6. Union Oil Co. of California v. State Board of Equalization, supra note 5 at 386 P.2d 501.

7. "Use" is broadly defined and includes "the exercise of any right or power over property, incident to the ownership thereof or interest therein, except that it shall not include the sale of that property in the regular course of business." See Union Oil Co. of California v. State Board of Equalization, supra note 5.

8. E. g., Olson Constr. Co. v. State Tax Commission, 12 Utah 2d 42, 361 P.2d 1112 (1961); Duhame v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252, 171 A.L.R. 684 (1947). See John McShain, Inc. v. District of Columbia, 92 U.S.App. D.C. 358, 205 F.2d 882 (1953).

9. See prior quotation of Section 5–1–12 (L).