(Nos. 41263, 41307 cons.—)
CHARLES F. HEMMER, d/b/a Hemmer Feed & Farm Service, Appellee, *vs.* THE DEPARTMENT OF REVENUE, Appellant.—DELEVAN CO-OPERATIVE ELEVATOR COMPANY, Appellee, *vs.* THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed November 22, 1968.*

WILLIAM G. CLARK, Attorney General, of Springfield, (JOHN J. O'TOOLE and ROBERT F. NIX, Assistant Attorneys General, of counsel,) for the appellant.

JORDAN A. FIFIELD, of Peoria, (JOHN A. GORMAN, of counsel,) for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The Department of Revenue's final assessment of retailer's occupation tax on the plaintiffs' sale of certain feed additives was reversed on administrative review by the circuit courts of Stark and Tazewell Counties. The two cases were consolidated in the departmental hearing and on appeal, as the questions of law and fact are identical in each case except for the amounts of the assessments. The

revenue is involved, and the Department has appealed directly to this court.

The plaintiffs are engaged in the businesses of operating custom-type feed mills. Farmer-customers utilize the plaintiffs' products and service in developing feed rations for their livestock. The mechanics of developing a ration vary according to the demands of the customer. A farmer may submit a sample of his grains to one of the plaintiffs, who tests the grain for nutritive content, and then, on the basis of this information and in consultation with the farmer, plaintiff prepares a supplement which the farmer adds to his own grains to make a complete feed ration. In some instances farmers bring their grains to the plaintiffs' mills and the plaintiffs add ingredients to these grains, the mixture becoming the complete ration. Some farmers purchase even the grains from the plaintiffs, so that the entire ration is purchased from the mills.

These cases involve the Department's taxation of certain of the ingredients which the plaintiffs incorporate into the feed purchased by the farmer. The plaintiffs' expert witnesses, Dr. Donald Becker, professor of animal nutrition at the University of Illinois, and Dr. Myron Brown, a veterinarian employed by American Cyanamid, testified that the products in question (with the exception of Vitamin A) when added in low levels to feeds are known as feed additives—materials added to the ration to improve the utilization of the mixture. The feed additives taxed by the Department included some antibiotics: Strepecillin, auereofaciens (chemically referred to as chlortetracycline), Strepterramycin (a combination of streptomycin and terramycin), Aureomycin Crumbles, and Aureo S-P 250 (combination of sulfamethazine, penicillin, and aureomycin); some growth stimulants: NF 180 and Bifuran (both furazoldine compounds), and arsenic acid; Zoalene, a coccidiostat; and Vitamin A, which is regarded as an essential nutrient.

The plaintiffs contend that the sales of these items for use as feed additives are exempt from retailers' occupation tax under the Department's rules exempting "feed". Alternatively plaintiffs contend that they are being denied equal protection when the Department taxes these feed additives when included in a custom-mixed ration, but refuses to tax the same additives when they are included in pre-mixed brand-name feeds. The circuit courts reversed the Department's assessments on the basis that the discrimination in favor of the pre-mixed feed and against the custom-mixed feed was illegal.

The issue involves the Department's interpretation of a statutory exclusion enacted to prevent double taxation under the Retailers' Occupation Tax Act. Section 1 of that Act provides that: "Sales of tangible personal property, which property as an ingredient or constituent goes into and forms a part of tangible personal property subsequently the subject of a 'sale at retail', are not sales at retail as defined in this Act." (Ill. Rev. Stat. 1963 and 1965, chap. 120, par. 440.) In *Brennan Cattle Co.* v. *Jones, ante.* p. 260, decided this term, we upheld the Department's interpretation of this exclusion expressed in its Rules 13 and 32 sustaining the taxation of certain medicines, some of which were the same antibiotics, albeit there used at therapeutic levels, which are involved here. In the *Brennan* case, we remanded to the Department the question of whether vitamins were properly included in the taxable nonfeed category of Rule 32(1). However, our disposition of this case makes it unnecessary for us to decide whether the products in question, when used at the lower feed-additive level are excluded from taxation under the tests laid down in *Brennan* and *Granite City Steel Co.* v. *Department of Revenue,* 30 Ill.2d 552.

The evidence in the record clearly supports the circuit courts' judgments that the Department's taxation of additives included in the custom-mixed feed and its refusal

to tax the same additives when included in the pre-mixed brand-name feed is an illegal classification. The record shows that a customer could place an order for custom-mixed feed that would contain the same ingredients as found in a pre-mixed brand-name feed. A customer might find a pre-mixed feed that would serve his purposes for some of his livestock and order a custom-mixed feed for others. Often a customer can order both types from one feed dealer, as is the case with the plaintiffs here who sell custom-mixed feed and also handle pre-mixed brand-name feed.

Reasonable classifications may be made for purposes of taxation. (*Fiorito* v. *Jones,* 39 Ill.2d 531; *Klein* v. *Hulman,* 34 Ill.2d 343, 346; *People ex rel. Holland Coal Co.* v. *Isaacs,* 22 Ill.2d 477.) However, these "classifications must be based upon real and substantial differences between persons taxed and those not taxed, [citation] and they must bear some reasonable relationship to the object of the legislation, [citation] or to public policy [citation]." (*Fiorito* v. *Jones,* 39 Ill.2d 531, 535-36.) As we stated in *Brennan* the statute contemplates these products to be taxable or not taxable depending upon whether or not they are incorporated into the resold property (livestock) as ingredients or constituents. There is no evidence in the record that these products are retained within the animal when consumed as part of a custom-mixed ration but are not retained when consumed in a pre-mixed brand-name ration. The Department's classification, having no discernible relationship to the realities of life, is arbitrary and unconstitutionally discriminates against the plaintiffs. *Harvey* v. *Clyde Park Dist.,* 32 Ill.2d 60, 67.

The judgments of the circuit courts of Stark and Tazewell Counties are affirmed.

*Judgments affirmed.*