GREATER CHICAGO INDOOR TENNIS CLUBS, INC., Plaintiff-Appellee, *v.* THE VILLAGE OF WILLOWBROOK, Defendant-Appellant.

(No. 73-207;

Second District (1st Division)—July 17, 1975.

Gerald M. Gorski, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellant.

Joseph A. Murphy and Craig J. Cobine, both of Ancel, Glink, Diamond & Murphy, of Chicago, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, Village of Willowbrook, a non-home-rule municipality, adopted an ordinance entitled, "Amusement Tax on Indoor Tennis Clubs"

whereby the Village attempted to levy a tax equal to 6% of the gross receipts from fees and charges paid by persons for the use of indoor tennis courts within the corporate limits of the Village. The plaintiff corporation, which operates an indoor tennis club within the defendant Village, instituted a suit for declaratory and injunctive relief, seeking to have the ordinance declared invalid and to have the collection of the tax imposed by that ordinance enjoined. The trial court granted plaintiff's motion for summary judgment and entered an order declaring said ordinance invalid and void. Defendant appeals.

The defendant's position on appeal is that its ordinance is a valid exercise of the power to tax amusements granted to municipalities by section 11—42—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, § 11—42—5) and that the ordinance is not otherwise invalid because it is based upon a reasonable classification. Section 11—42—5 provides as follows:

> "§ 11—42—5. The corporate authorities of each municipality may license, tax, regulate, or prohibit hawkers, peddlers, pawnbrokers, itinerant merchants, transient vendors of merchandise, theatricals and other exhibitions, shows, and amusements and may license, tax, and regulate all places for eating or amusement."

The plaintiff's position on appeal is that the power of taxation granted by section 11—42—5 cannot be extended beyond the limits of the police power. Stated otherwise, plaintiff contends that a municipality cannot impose a tax under the authority of section 11—42—5 over that which they cannot regulate. Plaintiff goes on to argue that indoor tennis clubs are not a proper subject for the exercise of the police power, and, as a result, the instant ordinance is beyond the authority of the defendant Village. Plaintiff's principal authority for its interpretation of section 11—42—5 and its applicability to a tax on tennis clubs is *Condon v. Village of Forest Park* (1917), 278 Ill. 218, 115 N.E. 825. Plaintiff makes the additional argument that the instant ordinance is also invalid because it is based upon an unreasonable classification in violation of the Illinois Constitution.

In our view, plaintiff's reliance upon *Condon* for its interpretation of section 11—42—5 is misplaced. We find that several supreme court cases which have interpreted predecessor sections to the present section 11—42—5, including *Condon*, have found that by this section the legislature intended to confer upon municipalities two separate and distinct powers—one being the power to tax for the purpose of raising revenue and the second being the power to tax for the purpose of regu-

lation—which may be exercised either separately or in combination. Since the instant ordinance is designed solely as a revenue-raising measure as it contains no regulatory features, it may be sustained under section 11—42—5 if the subject to the tax, indoor tennis clubs, comes within the meaning of the term "amusement" as defined for purposes of that section.

In *Metropolis Theater Co. v. City of Chicago* (1910), 246 Ill. 20, 92 N.E. 597, the supreme court considered the validity of an ordinance licensing theaters by class enacted by the City of Chicago pursuant to a predecessor of the statute involved in the present case. The court upheld the validity of the ordinance and in so doing rejected the contention that the license fee was excessive because it exceeded the amount that the City would have to spend for inspection and police supervision of the theaters. In rejecting this argument, the court stated:

> "If the ordinance had been passed under the power merely to regulate theaters this argument would be entitled to serious consideration. But such is not the case here. *The ordinance may be sustainable under the taxing power alone, without reference to its reasonableness as a regulatory measure.*" (Emphasis added.) 246 Ill. 20, 24, 92 N.E. 597, 599.

In *Condon v. Village of Forest Park*, the case upon which plaintiff principally relies, the supreme court was called upon to pass on the validity of an ordinance imposing a $750-per-year license fee on golf courses. This ordinance was enacted by the Village of Forest Park pursuant to the same statute that was involved in *Metropolis*. The supreme court began its analysis by stating the issue to be decided in the case as follows:

> "The question here is whether this ordinance is valid *either* as an exercise of the police power *or* the power of taxation granted to municipalities by the paragraph in question." (Emphasis added.) (278 Ill. 218, 223, 115 N.E. 825, 827.)

The court then found the ordinance in question to be invalid because first, it found that golf was not a proper subject for the exercise of the police power and second, because it found that golf was not an "amusement" within the meaning of the statute under which the Village sought to uphold the validity of the ordinance. The court found that golf was not a proper subject for the exercise of the police power in the following language:

"The game of golf is a healthful and harmless recreation of the same class as lawn tennis and other like games, which do not attract crowds or tend to disorder or call for police supervision or regulation. It has never been known to affect in any injurious way the public health, order, safety, or morals. The fact that the game has attractions which induce players to practice it does not change its character to an amusement or entertainment provided for the public. It is not a subject for the exercise of the police power." (278 Ill. 218, 224-25, 115 N.E. 825, 828.)

The court stated its conclusion that golf was not an "amusement" within the meaning of the paragraph in question in the following language:

"The paragraph specifies theatricals, followed by the words 'and other exhibitions, shows and amusements,' and in such a case the general words of description are limited to things of the same class or nature as those specified. Golf, lawn tennis, hockey, and other like games bear no likeness to public shows and amusements of the same nature as theatricals, and therefore it cannot be said that the legislative intent was to include them as subjects or objects of taxation." 278 Ill. 218, 226, 115 N.E. 825, 828.

In *Lamere v. City of Chicago* (1945), 391 Ill. 552, 63 N.E.2d 863, the supreme court continued its analysis of predecessor statutes to the statute involved in the present case by finding that it combined two separate and distinct powers which might be exercised either separately or in combination. In that case the court held invalid a City of Chicago ordinance licensing juke boxes as the amount of the license fee bore no reasonable relationship to the regulatory functions imposed by the ordinance. In addition, since the ordinance was held to have been enacted as an exercise of the police power, the court declined to consider the validity of the ordinance as a revenue raising measure. In commenting on the statute involved in that case, the court noted:

"The earlier act was construed as combining two separate and distinct powers, one of which was the power to regulate, suppress and prohibit, which was an exercise of the police power, and the other, the power to raise revenue by taxing the subjects or objects described in the ordinance * * * the present section 23—54, will also be held to delegate two separate and distinct powers the same as the former act. * * *

The two powers are separate and distinct, and controlled by different principles. The two powers are for different governmental purposes. * * * The purpose for which the police

power may be exercised is for the protection of the lives, health, morals, comfort and quiet of all persons and the protection of property within the State, and a statute or ordinance enacted under such power must be designed to prohibit or regulate those things which tend to injure the public in such matters. On the other hand, an ordinance which provides for a license and the payment of a license fee without regulatory provisions of any kind is solely a revenue measure and not within the police power. [Citation.]" 391 Ill. 552, 558-59, 63 N.E.2d 863, 866.

■■ .In *Stiska v. City of Chicago* (1950), 405 Ill. 374, 90 N.E.2d 742, the supreme court affirmed a decree upholding the validity of a City of Chicago· ordinance imposing a tax of 3% of the gross receipts from charges to witness or participate in "amusements" which were defined in the ordinance to include bowling, billiards and pool games. The court upheld the taxing ordinance by finding the activities mentioned in the ordinance to be amusements within the meaning of the statute. In so doing, the court broadened the very limited definition of amusements announced by the court in *Condon.* Whereas in *Condon,* the court limited the meaning of the term amusements to things of the same class or nature as theatricals, the court in *Stiska* adopted a common-sense definition of the term amusements and defined it as "\* \* \* synonymous with diversion, entertainment, recreation, pastime and sport." (405 Ill. 374, 379, 90 N.E.2d 742, 745.) In addition, the court in *Stiska* also rejected the contention that the legislature intended to limit the power of municipalities to tax only exhibitive amusements. In this regard, the court noted:

> "As we said in the case of *Chicago v. Green Mill Gardens,* 305 Ill. 87, the term 'amusement' is broad enough to include participative entertainment and is not limited to that of an exhibitory nature. Entertainment of many kinds may be exhibitive or participative and yet not be classed as amusements, but each case must depend upon its own particular facts." 405 Ill. 374, 383, 90 N.E.2d 742, 747.

■■ Since we find that the instant ordinance of the Village of Willowbrook, like the ordinance involved in *Stiska,* is designed solely as a revenue raising measure, and since we further find that tennis courts clearly fall within the definition of the term amusements as that term has been defined for purposes of the present section 11—42—5 in *Stiska,* we find that the instant ordinance of the Village of Willowbrook was clearly authorized by section 11—42—5 as a tax upon amusements. We

further note, without so deciding, that the 1917 holding of the supreme court in *Condon* that golf and lawn tennis are not proper subjects for the exercise of the police power would be questionable today in light of modern realities.

Once it is determined that the Village had the authority to impose the tax, the sole remaining limitation on the validity of the ordinance is whether it offends the constitution. (*Metropolis Theater Co. v. City of Chicago.*) The sole limitation found in our constitution on the power of the legislature to tax occupations is contained in article IX, section 2 of the 1970 Illinois Constitution. That section provides:

> "In any law classifying the subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly."

Plaintiff argues that the ordinance offends this section because it taxes only indoor and not outdoor tennis clubs and, as such, the tax is arbitrary, discriminatory and based upon an unreasonable classification. It is to be expressly noted at this point that the record indicates that there are no outdoor tennis clubs presently existing in the Village of Willowbrook.

■■ The rule regarding legislative classifications for taxing purposes was stated by the supreme court in *Hemmer v. Department of Revenue* (1968), 41 Ill.2d 273, 276, 242 N.E.2d 196, 197-98:

> "Reasonable classifications may be made for purposes of taxation. [Citations.] However, these *'classifications must be based upon real and substantial differences between persons taxed and those not taxed,* [citation] and they must bear some reasonable relationship to the object of the legislation, [citation] or to public policy [citation].' [Citation.]" (Emphasis added.)

In *Hemmer,* the court agreed with the contention of a feed mill operator that the imposition of a retailer's occupational tax on feed additives included in custom mixed feed but not on the same additives when included in premixed brand name feed constituted a denial of equal protection. The court found the taxing classification invalid by finding that it had "no discernible relationship to the realities of life * * *." 41 Ill.2d 273, 276, 242 N.E.2d 196, 198.

Since there are no presently existing outdoor tennis clubs in the Village of Willowbrook, we find that the classification in question—indoor tennis clubs—has a clearly "discernible relationship to the realties of life" as it is based on the real and substantial differences existing between indoor and outdoor tennis clubs in the Village. It would be un-

reasonable to require a village, when it imposes a revenue-raising tax on an amusement, to impose the tax on nonexistent entities.

■■ We therefore find the ordinance in question to be a valid exercise of the taxing powers of the Village conferred on it by section 11—42—5 of the Illinois Municipal Code and not offensive to article IX, section 2 of the Illinois Constitution. The judgment of the trial court is hereby reversed.

Judgment reversed.

SEIDENFELD, P. J., and HALLETT, J., concur.