(No. 31187.

CHAS. STISKA *et al.*, Appellants, *vs.* THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

ARVEY, HODES & MANTYNBAND, (J. HERZL SEGAL, and HERMAN SMITH, of counsel,) all of Chicago, for appellants.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, and ARTHUR MAGID, of counsel,) all of Chicago, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

. This is an appeal from a decree of the superior·court of Cook County dismissing for want of equity the second amended complaint of the plaintiffs, appellants here, who are operators of bowling alleys, billiard parlors and pool-rooms, seeking to enjoin the enforcement against them of an ordinance of the city of Chicago levying a tax of 3 per cent on the gróss receipts from admission fees or other charges to witness or participate in "amusements," which are defined by section 1 of said ordinance to include "bowling, billiard and pool games." The trial court heard the case upon the second amended complaint of plaintiffs and intervenors, the answer of the defendants thereto, and the motion of plaintiffs to strike the answer and for judgment. A decree was entered denying and overruling plaintiffs' motion to strike the answer and for judgment, and the plaintiffs and intervenors having elected to stand by said motion, the court thereupon dismissed the second amended complaint and the suit of plaintiffs and intervenors for want of equity at plaintiffs' costs. The trial court certified as to the validity of an ordinance being involved and that public interest requires an appeal to this court.

The appellants in the aggregate operate 125 establishments containing approximately 2400 alleys for bowling. Many of the appellants are also engaged in the business of operating billiard facilities in the city of Chicago.

Chapter 104, Municipal Code of Chicago, provides: "104-1. Definitions) As used in this ordinance: The word 'amusement' means, (1) any theatrical, dramatic, musical or spectacular performance, motion picture show, flower, poultry or animal show, animal act, circus, rodeo, athletic contest, sport, game or similar exhibition for public entertainment, including, without being limited to, boxing, wrestling, skating, dancing, swimming, racing or riding on animal or vehicles, baseball, basketball, softball, football, tennis,

golf, hockey, track and field games, bowling, billiard and pool games; (2) any entertainment offered for public participation, including, without being limited to, dancing, carnival, amusement park rides and games, bowling, billiard and pool games.

"104-2. License tax.) A license tax is imposed upon all amusements within the city, excepting automatic amusement machines, of an amount equal to three percent of the gross receipts from admission fees or other charges, exclusive of federal taxes, to witness or to participate in such amusements. It is unlawful for any person to produce, present or conduct any such amusements, for gain or profit, without payment of the tax."

"104-8. Penalty.) Any person violating any of the provisions of this chapter shall be fined not less than fifty dollars nor more than two hundred dollars for each offense and each day such violation shall continue shall be regarded as a separate offense."

Chapter 104.1, Municipal Code of Chicago, in part provides:

"104.1-6. Guaranty.) Before any license is issued the applicant shall execute a written undertaking conditioned that the taxes imposed upon any amusement at the licensed premises will be paid in the manner and at the times provided in chapter 104 of this code."

The second amended complaint charged that the participants in the game of bowling pay to the appellants, for the use of certain facilities, fees, and that no fees or charges are made to the public or to any of the participants for admission to the places where the bowling alleys or billiard tables are located, nor is there any charge made to the public to witness the playing of the respective games by the participants.

The defendants, appellees here, do not, by their answer, deny the facts as set forth, except to deny the charge that the ordinance is invalid and unconstitutional. The answer

further alleged that bowling and billiards are amusements within the commonly accepted meaning of the word and fall within the definition as used within the ordinance.

It is first urged by appellants that chapter 104 of the Municipal Code of Chicago is so vague and unintelligible in defining the subject or object of taxation or the persons taxed as to be inoperative and void. This chapter, as amended, imposes a tax upon many defined amusements and makes it unlawful for any person to conduct any such amusement for gain or profit without payment of the tax. It is urged that the phrase "entertainment offered for public participation," shown in the second portion of the definition, is a contradiction in terms, insofar as it affects bowling, billiard and pool games engaged in as a participating amusement only; that the activity of public participation is vague and unintelligible when applied in the case of bowling as it refers to amusement, on the ground that participants in those games are provided merely with space or facilities in or upon which they may engage in the game. In other words, it is contended that no entertainment or diversion is offered in the game of pure participating activities, but merely the facilities are put to use by the participants. It is urged that it is impossible to determine whether the tax is placed on the facilities or equipment, or upon the playing of the game.

It is to be observed that section 23-54 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1947, chap. 24, par. 23-54,) authorizes the corporate authorities of a municipality "To * * * tax * * * theatricals and other exhibitions, shows, and amusements; * * *." In connection with this authority is to be read section 104.1 of chapter 104 of the Municipal Code, which provides that the word "amusement" means "* * * any entertainment offered for public participation, including, without being limited to, dancing, carnival, amusement park rides and games, bowling, billiard and pool games."

It is argued by appellants that under the ordinance it is not such an amusement as was intended under section 23-54 of the Revised Cities and Villages Act, and that it was intended under the act to refer to the occupation of conducting, maintaining, offering or presenting for gain by visual or auditory perception for amusement by those who witness or hear the entertainment; that this being an entertainment offered for public participation does not come within the authority granted by section 23-54 of the Revised Cities and Villages Act. It is urged that, under the doctrine of *ejusdem generis,* when a general word follows an enumeration of particular things, such word must be made to include only such things or objects as are of the same kind as those specifically enumerated, and that the word "amusement," when used together with theatrical and other exhibitions and shows, must refer to amusement of a similar nature as exhibitions, shows and theatricals presented and to be enjoyed by visual or auditory perception. In this connection the case of *Condon* v. *Village of Forest Park,* 278 Ill. 218, is relied upon by appellants to sustain their position. In commenting upon the *Condon case* in *Lamere* v. *City of Chicago,* 391 Ill. 552, we said that the police power was not involved in an ordinance attempting to license a golf course.

The definition of "amusement" is so commonly accepted and so well known as to make reference to the definition unnecessary. There are many types and kinds of amusement and many have been included in the ordinance that is being questioned. The situation here sums itself up as to whether or not public participation in billiards and pool games is an "amusement" within the meaning of section 23-54 of the Cities and Villages Act. Statutes must be so construed as to be given a reasonable construction if possible. (*Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155.) In the case of *Chicago* v. *Green Mill Gardens,* 305 Ill. 87, we said, "It certainly cannot be successfully claimed that dancing to the music of an orchestra is not an amusement."

Appellants contend that this is to be differentiated from the entertainment of bowling by public participation because of the fact that an orchestra furnishing music to the dancers offers for entertainment something more than the mere public participation. This seems to draw a very fine distinction without a difference, as "amusement" is synonymous with diversion, entertainment, recreation, pastime and sport. (*Chicago* v. *Green Mill Gardens,* 305 Ill. 87.) It appears that the common-sense interpretation of the word "amusement" in section 23-54 of the Revised Cities and Villages Act is sufficient basis for the authority of the city of Chicago upon which to base the provisions of section 104.1 of chapter 104, in defining an "amusement" as being entertainment offered for public participation such as billiards and pool games.

It is well settled that the words of a statute or ordinance are to be given their generally accepted meaning unless otherwise defined by the legislative body. We held in the case of *Anderson* v. *Board of Education,* 390 Ill. 412, that in construing a statute its words must be given their plain and ordinary meaning. In *Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194, we said, "The plain and obvious meaning of the language used by the legislature is the safest guide to follow in construing any act." The principal object in construing a statute is to ascertain and give effect to the intention of the legislature. (*Fowler* v. *Johnston City Coal Co.* 292 Ill. 440.) The plain meaning of the language used by the legislature is the safest guide to follow in construing any act, as the court has no right to read into the statute words that are not found therein, either by express inclusion or by fair implication. (*Illinois Publishing and Printing Co.* v. *Industrial Com.* 299 Ill. 189.) The court should consider every part and give sensible and intelligent meaning to every provision so far as is possible, but the legislative intent must be found in the act and the court must take the words found in the statute according to their ordinary and usual meaning. (*Eddy* v.

*Morgan,* 216 Ill. 437; *Colton* v. *Trustees of Pension Fund,* 287 Ill. 56; *Illinois Central Railroad Co.* v. *Village of South Pekin,* 374 Ill. 431.) In the construction and application of a statute, words are to be given their generally accepted meaning, unless there is something in the act indicating that the legislature used them in a different sense. (*People* v. *Jensen,* 392 Ill. 72.) It is true, as contended by appellants, that a legislative act which is so vague and uncertain that the courts are unable, by accepted rules of construction, to determine with any reasonable degree of certainty what the legislature intended, or which is so incomplete or conflicting and inconsistent in its provisions that it cannot be executed, will be declared inoperative and void.

After an analysis of the particular sections involved here, we are of the opinion that section 23-54 of the Revised Cities and Villages Act affords sufficient basis for the authority of the city of Chicago upon which to base the provisions of the ordinance. We do not find that the ordinance is so vague and unintelligible in defining the subjects or objects of taxation and the persons taxed as to be inoperative and void, for the reason the tax levied by the ordinance is not a privilege tax imposed upon those paying for and indulging in the amusement, nor a property tax upon the items or facilities employed in the amusements, but an occupation tax upon those engaged in furnishing the amusement, and measured by the gross receipts from the admission fees or other charges collected to witness or to participate in the amusement under the authority of the statute and the ordinance, as we have hereinabove pointed out.

It is contended the ordinance attempts to tax, for the purpose of revenue only, the business or occupation of furnishing facilities to members of the public for bowling, and that the ordinance is in excess of any power granted to the city by section 23-54 of the Revised Cities and

Villages Act. It is contended that section 23-54, which authorizes municipalities "To license, tax, regulate, or prohibit  *  *  * theatricals and other exhibitions, shows, and amusements;" does not grant to the city the power to tax, for revenue purposes only, the occupation of furnishing facilities for public participation in bowling, billiards and pool games; that the word "amusement," when considered along with other words in the statute, "theatricals and other exhibitions, shows and amusements," must be considered along with the meaning of those words, and that the word "amusement" must be construed to mean similar acts and entertainment under the doctrine of *ejusdem generis*. In other words, appellants contend that the business of furnishing facilities to members of the public for use by them in bowling, billiards and pool games is not an amusement within the intention of the statute as set forth in section 23-54 of the Revised Cities and Villages Act.

As we have above pointed out, it is our judgment that bowling, billiards and pool games, as shown by the record here, are "amusements," within section 23-54 of said act, which confers power upon municipalities "To license, tax, regulate, or prohibit  *  *  *. theatricals and other exhibitions, shows and amusements." Consequently, the ordinance, insofar as it levies a tax upon plaintiffs, who are engaged in the business of furnishing these amusements to the public for gain or profit, is within the statutory grants. This section does not distinguish between amusements that are participative and those that are exhibitive. This division appears only in the city ordinance. The statute does not in any way restrict the tax and does not require that the ordinance segregate amusements into exhibitive and participative classes, and it was unnecessary for such distinction to be made.

The pertinent question here is whether the word "amusements," contained in the statute, is broad enough to cover

both kinds. Appellants urge the doctrine of *ejusdem generis* requires the construction in this instance of the word "amusements" as being within the class of "theatricals and other exhibitions," while the appellees' position is that the clause does not read "theatricals, exhibitions, shows and amusements," as a single series of connected items, but reads "theatricals and other exhibitions," then follows the word "shows," and still thereafter follows the word "amusements." Thus the doctrine of *ejusdem generis* does not require the construction in this instance of the word "amusements" as being merely within the class of "theatricals and other exhibitions," since it is not strictly an item of that series, in point of syntax. Appellees point out that the word "amusements" must mean something more than "exhibitions" or else it becomes superfluous and without meaning, because the word "exhibitions," in the preceding clause, had already exhausted the class of exhibitory entertainment. This is drawing rather a fine point in the construction of language which pertains to the doctrine of *ejusdem generis*. Niceties and distinctions can always be made in language. However, to limit the scope of the statute to exhibitive entertainment would give effect only to the words "theatricals and other exhibitions," and would render superfluous and devoid of meaning the additional words "shows, and amusements." Statutes must, if possible, be so construed as to give effect to each word, clause or sentence in order that no such word, clause or sentence may be deemed superfluous or void. Likewise, they must be construed so that absurd consequences may be avoided. *Morris* v. *Broadview, Inc.*, 385 Ill. 228; *Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155.

The rule of *ejusdem generis* is only a rule of construction to aid in ascertaining and giving effect to the legislative intent. (50 Am. Jur. p. 247.) It cannot be applied to defeat the evident purpose of the statute or to restrict the scope of subjects the legislature intended to include

within the act. *Lamere* v. *City of Chicago*, 391 Ill. 552; *Gillock* v. *People*, 171 Ill. 307.

We are of the opinion, from the language as used, that the term "amusements" does not limit the scope of the statute to exhibitive entertainment. As we said in the case of *Chicago* v. *Green Mill Gardens*, 305 Ill. 87, the term "amusement" is broad enough to include participative entertainment and is not limited to that of an exhibitory nature. Entertainment of many kinds may be exhibitive or participative and yet not be classed as amusements, but each case must depend upon its own particular facts. However, bowling, billiards and pool games are properly classed as amusements, as set out in the ordinance under consideration.

Appellants further contend that section 104.1-6 is invalid and of no effect, and is an unlawful requirement because, as they previously urged, chapter 104 imposes an illegal tax, and therefore the section requiring that before a license is issued the applicant shall execute a written undertaking "conditioned that the taxes imposed upon any amusement at the licensed premises will be paid in the manner and at the times provided in chapter 104 of this code."

This question is of course obviated for the reason that the tax, as heretofore pointed out, is a valid tax, and, being such, the requirements of section 104.1 are not subject to objection, as it is conceded by both appellants and appellees that the validity of this section is controlled by the validity and determination of other sections objected to.

The question to be determined here is the authority of the city of Chicago, by its ordinance, to. tax bowling, billiard and pool games offered for public participation as an amusement under the power granted by section 23-54 of the Revised Cities and Villages Act.

From a careful analysis of the ordinance and the statute pertaining thereto, we are of the opinion the city of Chicago has such authority, and the lower court was correct in its determination, and its decree is affirmed.

*Decree affirmed.*