(No. 47878.-

GREATER CHICAGO INDOOR TENNIS CLUBS, INC., Appellant, v. THE VILLAGE OF WILLOWBROOK, Appellee.

*Opinion filed May 28, 1976.*

Ancel, Glink, Diamond & Murphy, of Chicago (Craig J. Cobine, of counsel), for appellant.

Rathje, Woodward, Dyer & Burt, of Wheaton (Gerald M. Gorski, of counsel), for appellee.

Francis D. Morrissey, Robert E. Deignan and Richard M. Franklin, of Baker & McKenzie, of Chicago, for *amicus curiae* Chicagoland Indoor Tennis Association.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant Village of Willowbrook, a non-home-rule municipality, adopted an ordinance entitled "Amusement Tax on Indoor Tennis Clubs" which imposed a tax of 6% on the gross receipts from the fees and charges paid for the use of indoor tennis courts within the village. Plaintiff corporation, which operates an indoor tennis club within the village, filed this action in the circuit court of Du Page County seeking a declaratory judgment that the ordinance was invalid and to enjoin the collection of the tax. The circuit court held the ordinance invalid and granted plaintiff's motion for summary judgment. The appellate court reversed (30 Ill. App. 3d 134), and we granted plaintiff's petition for leave to appeal.

Plaintiff contends that section 11—42—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—42—5), which provided in pertinent part that "The corporate authorities of each municipality may license,

tax, regulate \*\*\* amusements and may license, tax, and regulate all places for \*\*\* amusement," did not empower defendant to regulate the game of tennis and that it was, therefore, without authority to tax it. It contends further that the ordinance created an unreasonable classification in violation of the equal protection clause of article I, section 2, of the Illinois Constitution and the fourteenth amendment to the Federal Constitution.

The Chicagoland Indoor Tennis Association, as *amicus curiae,* supports plaintiff's contentions and urges reversal. It also argues an additional issue which will be discussed later.

Section 11—42—5 of the Illinois Municipal Code and its predecessors have existed in substantially the same form since 1871. (See *Osborn v. Village of River Forest* (1961), 21 Ill.2d 246; Smith-Hurd Ill. Ann. Stat., ch. 24, par. 11—42—5, Historical Note, at 170-71 (1962).) The parties agree that the power to regulate and the power to tax, while combined in this one statute, are separate and distinct governmental purposes; and that a non-home-rule municipality may, therefore, under this statute, regulate without taxing or tax without regulating. (See *e.g., Condon v. Village of Forest Park* (1917), 278 Ill. 218; *Lamere v. City of Chicago* (1945), 391 Ill. 552; *Stiska v. City of Chicago* (1950), 405 Ill. 374; and cases cited therein.) Plaintiff argues, however, that defendant "may not tax what it may not regulate"; that under the statute tennis was not subject to regulation and, therefore, was not subject to taxation. Defendant contends that the power to tax does not depend upon the power to regulate and that tennis is subject to taxation. Plaintiff relies primarily on *Condon v. Village of Forest Park* (1917), 278 Ill. 218, in which an ordinance imposing a license fee on golf courses was held invalid, and defendant places heavy stress upon *Stiska v. City of Chicago* (1950), 405 Ill. 374, in which an ordinance taxing the gross receipts from bowling, billiard and pool games was held valid.

In *Condon,* the village of Forest Park adopted an ordinance requiring an annual license fee of $750 for golf courses which charged an admission fee. The court, in considering the validity of the ordinance, first observed that under the statute as it then existed the General Assembly had "combined the power to regulate, suppress and prohibit which arises out of the police power, with the separate and distinct power to tax the objects and subjects therein mentioned, and authorized a municipality to exercise either power by means of a license" and then stated that the "question here is whether this ordinance is valid *either* as an exercise of the police power or the power of taxation granted to municipalities \*\*\*." (Emphasis added.) 278 Ill. 218, 222, 223.

Although the ordinance contained no regulatory provisions and was enacted to raise revenue, the *Condon* court first considered whether the regulation of the game of golf was a permissible exercise of the police power. It noted that to "sustain an act or ordinance under the police power the court must be able to see that it tends in some degree to the prevention of offenses or the preservation of the public health, morals, safety or welfare" (278 Ill. 218, 223) and then stated:

> "The game of golf is a healthful and harmless recreation of the same class as lawn tennis and other like games, which do not attract crowds or tend to disorder or call for police supervision or regulation. It has never been known to affect in any injurious way the public health, order, safety or morals. The fact that the game has attractions which induce players to practice it does not change its character to an amusement or entertainment provided for the public. It is not a subject for the exercise of the police power." 278 Ill. 218, 224-25.

If, as plaintiff contends, the court had held that the power to tax was dependent upon the power to regulate, it

would have been required to go no further in deciding the validity of the ordinance. Instead it then examined whether it was a valid exercise of the power to tax amusements conferred upon municipalities by paragraph 41 of article V, section 1, of the cities and villages act of 1872 (Hurd's Rev. Stat. 1917, ch. 24, par. 62) and stated:

> "We have seen that golf is not an amusement in fact, within the meaning of that paragraph, and it cannot be included under the settled rule of construction [*ejusdem generis*] adopted for the purpose of ascertaining the legislative intent. The paragraph specifies theatricals, followed by the words 'and other exhibitions, shows and amusements,' and in such a case the general words of description are limited to things of the same class or nature as those specified. Golf, lawn tennis, hockey and other like games bear no likeness to public shows and amusements of the same nature as theatricals, and therefore it cannot be said that the legislative intent was to include them as subjects or objects of taxation." 278 Ill. 218, 226.

*Stiska* involved the validity of a Chicago ordinance which imposed a 3% tax on the gross receipts from admission fees, or other charges, to witness or participate in "amusements," which were defined in the ordinance to include "bowling, billiard and pool games." Because the ordinance imposed no regulations the court apparently did not consider it necessary to consider whether it was a valid exercise of the police power. The court's only reference to *Condon* was to state with questionable accuracy what it had said about *Condon* in *Lamere v. City of Chicago* (1945), 391 Ill. 552. Without mention of the construction given to the word "amusement" in *Condon,* the court said:

> "The definition of 'amusement' is so commonly accepted and so well known as to make reference to the definition unnecessary. There are

many types and kinds of amusement and many have been included in the ordinance that is being questioned. The situation here sums itself up as to whether or not public participation in billiards and pool games is an 'amusement' ***.

\* \* \*

*** This section does not distinguish between amusements that are participative and those that are exhibitive. *** The statute does not in any way restrict the tax and does not require that the ordinance segregate amusements into exhibitive and participative classes, ***.

The pertinent question here is whether the word 'amusements,' contained in the statute, is broad enough to cover both kinds. Appellants urge the doctrine of *ejusdem generis* requires the construction in this instance of the word 'amusements' as being within the class of 'theatricals and other exhibitions,' ***.

The rule of *ejusdem generis* is only a rule of construction to aid in ascertaining and giving effect to the legislative intent. [Citation.] It cannot be applied to defeat the evident purpose of the statute or to restrict the scope of subjects the legislature intended to include within the act. [Citations.]

We are of the opinion, from the language as used, that the term 'amusements' does not limit the scope of the statute to exhibitive entertainment. As we said in the case of *Chicago v. Green Mill Gardens,* 305 Ill. 87, the term 'amusement' is broad enough to include participative entertainment and is not limited to that of an exhibitory nature." *Stiska v. City of Chicago* (1950), 405 Ill. 374, 378-83.

Neither *Condon* nor any other authority cited by plaintiff holds that a non-home-rule municipality's power

to tax an "amusement" for revenue is dependent upon its authority to regulate that "amusement." The power to regulate and the power to raise revenue are separate and distinct, and neither is dependent upon the other. Since defendant's ordinance is a revenue measure and does not attempt to regulate indoor tennis, we need not decide whether indoor tennis is subject to the police power.

This brings us to the question whether indoor tennis is an "amusement" within the meaning of section 11—42—5. The language quoted from *Stiska* that "amusement" as used in the statute included participative as well as exhibitive amusements is contrary to the language quoted from *Condon* that "amusement" includes only exhibitive amusement (see also *City of Chicago v. Green Mill Gardens* (1922), 305 Ill. 87), and has impliedly overruled *Condon*. We hold that the village had the authority to tax indoor tennis under section 11—42—5 of the Illinois Municipal Code. *Stiska v. City of Chicago* (1950), 405 Ill. 374.

Plaintiff also contends that the classification of indoor tennis clubs for taxation under the ordinance is unreasonable and unconstitutional. It argues that the most logical classification to which indoor tennis facilities belong is the class of "recreational facilities offered for public participation upon payment of a fee" such as golf, handball, racquetball, paddleball, platform tennis, table tennis, swimming, ice skating and athletic clubs. Alternatively, it is contended that even if the operation of tennis courts is a reasonable classification, the ordinance "distinguishes unreasonably between indoor and outdoor tennis." Defendant asserts that it has by a previous ordinance taxed the gross receipts of bowling alleys within the village at the same rate as it taxes the gross receipts from indoor tennis; that these ordinances when read together establish a system of taxation upon the gross receipts of existing activities which can be classified as "amusements" and that plaintiff points to no existing amusements within the corporate limits of the village of

Willowbrook, either indoor or outdoor, which are not taxed. The appellate court found the classification reasonable, stating:

> "Since there are no presently existing outdoor tennis clubs in the Village of Willowbrook, we find that the classification in question—indoor tennis clubs—has a clearly 'discernible relationship to the realities of life' as it is based on the real and substantial differences existing between indoor and outdoor tennis clubs in the Village. It would be unreasonable to require a village, when it imposes a revenue-raising tax on an amusement, to impose the tax on nonexistent entities." (30 Ill. App. 2d 134, 139.)

Plaintiff argues that this holding creates confusion and uncertainty because the classification of indoor tennis courts which the court held constitutional here may be invalid in another municipality which has outdoor tennis courts, or may become unconstitutional as to the defendant village if outdoor tennis courts are later operated within the village.

It is well established that one who is not directly affected by a statute (*People v. Palkes* (1972), 52 Ill.2d 472) or an ordinance (*Chicago Cosmetic Co. v. City of Chicago* (1940), 374 Ill. 384) is without standing to attack its constitutionality. The record fails to show that plaintiff is being taxed by the defendant village differently from any other "recreational facilities offered for public participation upon payment of a fee" or differently from "outdoor tennis courts." Plaintiff at this time, and on this record, has no standing to challenge the classification of the ordinance and we need not decide its constitutionality.

In its brief *amicus curiae* makes substantially the same arguments as plaintiff and in addition contends that plaintiff's operation of indoor tennis courts is not subject to the ordinance. This contention rests on the ground that the ordinance imposes the tax upon fees and charges

received in the operation of indoor tennis courts "in any place of public resort," which, *amicus* contends, requires that the ordinance be construed to apply to tennis courts open to the public, and not to those of a private club. It asserts that use of the tennis courts is limited to plaintiff's members in good standing, that the club is not a "place of public resort," and therefore the tax is inapplicable.

This contention was not made by plaintiff at any time, appears to have been made for the first time in this court, and will not be considered. For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*