ESTATE OF THOMAS CAREY *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* THE VILLAGE OF STICKNEY, Defendant and Counterplaintiff-Appellant.

First District (1st Division)    No. 78-433

Opinion filed March 12, 1979.—Rehearing denied April 23, 1979.

Donald J. Kreger, of Chicago (Friedman & Koven, of counsel), for appellant.

Edward M. White, of Carey, Filter & White, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs, Estate of Thomas Carey and Suburban Downs, Inc., filed suit for declaratory judgment, challenging an admission tax on racetracks levied by defendant Village of Stickney. The trial court granted plaintiffs' motion for summary judgment, concluding that the tax violated article VII, section 6(e)(2) of the Illinois Constitution. Defendant appeals, arguing that the tax was a valid exercise of taxing authority by a home-rule unit.

We reverse and remand.

On November 19, 1974, defendant Village of Stickney passed an ordinance levying a 10-cent admission tax upon persons, firms and corporations operating racetracks for racing purposes. The ordinance further provided that the burden of the tax could be passed on to the patrons of those events.

Plaintiffs, estate of Thomas Carey and Suburban Downs, Inc., are respectively engaged in the business of conducting horse and harness races at Hawthorne Racetrack, located in Stickney. Subsequent to the passage of the ordinance, plaintiffs conducted racing events and failed to pay the admission tax.

On March 31, 1975, plaintiffs filed a suit for declaratory judgment challenging the constitutionality of the ordinance. In their suit, plaintiffs only challenged the validity of the ordinance for 1975, since on January 1, 1976, the Illinois Horse Racing Act (Ill. Rev. Stat. 1977, ch. 8, par. 37-1 *et seq.*) went into effect. Under the terms of this act, municipalities may levy admission taxes such as the one involved in the present case. Consequently, plaintiffs have paid all admission taxes incurred since January 1, 1976.

The trial court subsequently granted a motion for summary

judgment on plaintiffs' behalf and found the ordinance in violation of article VII, section 6(e) of the Illinois Constitution which provides:

"A home rule unit shall have only the power that the General Assembly may provide by law (1) to punish by imprisonment for more than six months or (2) to license for revenue or impose taxes upon or measured by income or earnings or upon occupations."

Defendant appeals. On appeal defendant argues that the admission tax is not a license for revenue or occupation tax proscribed by article VII, section 6(e)(2) of the Illinois Constitution, but rather, is a valid tax levy by a home-rule unit. We agree.

The ordinance adopted by defendant in the present case reads in relevant part:

"Chapter 18A—Race Tracks—Horse Racing—Admission Tax

Section 18A.01—Definitions. The terms 'horse racing' and 'horse race' as used in this Chapter shall include, but not be limited to, thoroughbred horse racing, quarter horse racing and harness racing.

The term 'licensee' shall mean any person, firm or corporation licensed by the State of Illinois to operate a race track for horse racing purposes in the State of Illinois.

Section 18A.02—Admission Tax. Any licensee operating a race track for horse racing purposes within the Village of Stickney shall pay to the Village the sum of TEN CENTS (10¢) for each person entering the grounds or enclosures of the licensee upon a ticket of admission. If tickets are issued for more than one day, then the said sum of TEN CENTS (10¢) shall be paid for each person using such ticket on each day that the same shall be used. Providing, however, that no charge shall be made on tickets of admission issued to and in the name of directors, officers, agents or employees of the licensee, or to owners, trainers, jockeys and their employees or to any person or persons entering the grounds or enclosure for the transaction of business in connection with race meetings or operations. The licensee may, if it desires, collect such amount from each ticket holder in addition to the amount or amounts charged for such ticket of admission."

In *Town of Cicero v. Fox Valley Trotting Club, Inc.* (1976), 65 Ill. 2d 10, 357 N.E.2d 1118, the supreme court had occasion to consider an admission tax ordinance very similar to the one involved in the instant case. There the admission tax was quite broad, applying to other amusements as well as racetracks. In holding that the tax did not contravene article VII, section 6(e)(2) of the Illinois Constitution, the

court first noted that under article VII, section 6(a), home-rule units are conferred broad taxing power. The court then considered whether the ordinance could be construed as the proscribed tax upon occupations.

In concluding that the ordinance was not a tax upon occupations the court stated:

"Since the duty to pay the tax is not predicated upon the generation of revenue, but instead depends upon the number of individuals witnessing or participating in the amusement, the Ordinance by its terms is not confined to those who are engaged in businesses for profit. In this respect, the tax in question differs from a tax upon a percentage of gross receipts." (65 Ill. 2d 10, 22.)

The court further stated:

"[5] We recognize that some of those who are taxed by the Ordinance may be said to be engaged in the occupation of presenting or conducting amusements. It is not sufficient, however, that the burden of the tax fall upon those engaged in occupations, as *Paper Supply* makes clear. Rather, the ordinance must be designed to impose, and in fact impose, a tax upon given occupations. We do not believe that this ordinance is so designed. As we stated in *Reif*, 'an occupation tax has one of two missions: either to regulate and control a given business or occupation, or to impose a tax for the privilege of exercising, undertaking or operating a given occupation, trade or profession.' (355 Ill. 104, 109.) Defendants concede the absence of any regulatory purpose, and we conclude that the Ordinance is not otherwise designed to tax those engaged in 'a given occupation, trade or profession.' " 65 Ill. 2d 10, 23.

On the issue whether the ordinance was a license for revenue, the court concluded that such an argument was "without merit." The court reasoned that "to license for revenue" relates to a situation where a governmental unit that does not have the power to tax, attempts to raise revenue by exercising its police power. Since the ordinance was enacted pursuant to a valid exercise of Cicero's home-rule taxing powers, the ordinance was not a license for revenue.

Because the admission tax in the present case and in *Cicero* are almost identical, we are compelled to follow the decision in *Cicero* and reverse the trial court. Plaintiffs note that the admission tax in *Cicero* was broader in that it applied to other amusements besides racetracks. That fact, we feel, is a distinction without a difference. Plaintiffs cite *Stiska v. City of Chicago* (1950), 405 Ill. 374, 94 N.E.2d 127, as authority indicating that the admission tax enacted by defendant is an occupation tax. *Stiska*, however, is clearly distinguishable since it involved a tax levied on *gross* receipts. As noted in *Cicero*, such a tax is very different from the type

involved in the instant case and is, in fact, an occupation tax. See *Paper Supply Co. v. City of Chicago* (1974), 57 Ill. 2d 553, 317 N.E.2d 3.

Accordingly, for the foregoing reasons, the order of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with this opinion.

Order reversed; cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.