AA SALES & ASSOCIATES, INC. &
Trade America Corp., Plaintiffs,

v.

JT & T PRODUCTS CORP. & Jerome
T. Nelson, Defendants.

No. 98 C 7954.

United States District Court,
N.D. Illinois,
Eastern Division.

May 4, 1999.

Richard P. Campbell, Anthony S. DiVencenzo, Campbell & DiVencenzo, Chicago, IL, for plaintiffs.

Gary Lee Starkman, George J. Spathis, Ross & Hardies, P.C., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) plaintiffs' complaint. For the following reasons, the court (1) grants defendants' motion to dismiss Counts III and IV and (2) reserves ruling on defendants' motion to dismiss Counts I and II pending possible reassignment of this case to the docket of Judge Paul E. Plunkett.

## I. BACKGROUND

The complaint makes the following allegations which, for the purpose of ruling on this motion to dismiss, are taken as true. In 1991, Gerald Saltzman, Matthew Gulisano a/k/a Matt Gale, and Source Network Corporation (collectively "the Source Network defendants") filed a complaint in the Northern District of Illinois, naming JT & T Products Corp. ("JT & T") and Jerome Nelson ("Nelson") as defendants. The case was assigned to the docket of Judge Plunkett. On January 21, 1993, the Source Network defendants, Trade America Corp. ("Trade America") and AA Sales & Associates, Inc. ("AA Sales"), JT & T and Nelson executed a "Settlement Agreement and Mutual General Release" ("the Settlement Agreement"), settling the litigation before Judge Plunkett. Based on the Settlement Agreement, Judge Plunkett dismissed the case with prejudice but retained jurisdiction to enforce the settlement. (Case No. 91 CV 5611, Docket Entry 124.)

Pursuant to the Settlement Agreement, "JT & T, its assigns and successors" agreed to pay Trade America and AA Sales commission on all gross sales to the Ristance Corp., BWD Corp., or any other division, subsidiary, affiliate or parent of Echlin Corp. (collectively "the Ristance Account") for as long as "JT & T, its assigns and successors" continued to sell to the Ristance Account. JT & T paid these commissions to Trade America and AA Sales through May of 1998.

On May 11, 1998, JT & T entered into an asset purchase agreement with Best Connection, Inc. ("Best"), pursuant to which JT & T sold all of its assets to Best for the purchase price of $1,295,000. Pursuant to the purchase agreement, Best acquired and succeeded to JT & T's customer base, including the Ristance Account. Best, however, did not assume JT & T's liability to Trade America and AA Sales under the Settlement Agreement. Also as a part of the purchase agreement, Jerome Nelson and Atsuko Nelson executed a non-competition agreement under which they agreed not to compete with Best for a period of five years. Best paid the Nelsons $360,000 in consideration of the non-competition agreement.

Since the time that Best and JT & T entered into the purchase agreement, no commissions on the Ristance Account have been paid to Trade America or AA Sales. According to AA Sales and Trade America, there exists a genuine dispute as to the requirements of the Settlement Agreement and as to whether JT & T is obligated to pay commissions to plaintiffs on sales made to the Ristance Account by Best.

As a result of this dispute, AA Sales and Trade America have filed a four-count complaint against JT & T and Nelson. Count I is a claim for declaratory judgment, asking this court to declare that JT & T is obligated (1) to pay commissions under the Settlement Agreement as long as Best sells products to the Ristance Account and (2) to account for all commissions due since May of 1998. Count II is a claim for breach of contract, alleging that JT & T's conduct constitutes a breach of the implied obligation of good faith dealing in the Settlement Agreement. Count III is a claim for unjust enrichment, alleging that Nelson has been unjustly enriched by receipt of excessive consideration for the non-competition agreement with Best. Count IV is a claim under the Illinois Sales Representatives Act ("the ISRA"), 820 ILL.

COMP.STAT. §§ 120/0.01–3, alleging the JT & T's failure to pay commissions to Trade America and AA Sales violates the ISRA. The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the defendants and the plaintiffs and the amount in controversy exceeds $75,000.

This matter is currently before the court on JT & T and Nelson's Rule 12(b)(6) motion to dismiss Trade America and AA Sales' complaint. JT & T and Nelson argue that all four counts of the complaint should be dismissed for various reasons. The court addresses JT & T and Nelson's arguments below.

## II. *DISCUSSION*

### A. *Standard for deciding a Rule 12(b)(6) motion to dismiss*

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrat-

ed facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985).

### B. *Count III—Unjust enrichment*

Count III is a claim for unjust enrichment, in which plaintiffs ask this court to impose a constructive trust on the sum paid by Best to Nelson in consideration for the non-competition agreement. Plaintiffs claim that Nelson has been unjustly enriched because the consideration Best paid to Nelson reflects the value of the future sales of the Ristance Account, which includes the commissions that JT & T refuses to pay to plaintiffs but which are due under the terms of the settlement agreement. Defendants have moved to dismiss this count, arguing that plaintiffs cannot state a claim for unjust enrichment because (1) a contract governs the relationship between plaintiffs and defendants and (2) plaintiffs do not have standing to assert such a claim. The court agrees with defendants.

■■ The theory of unjust enrichment is based on an implied contract. *People ex rel. Hartigan v. E & E Hauling,* 153 Ill.2d 473, 180 Ill.Dec. 271, 607 N.E.2d 165, 177 (1992). Under Illinois law, to recover under a theory of unjust enrichment, the plaintiff must show that the defendant voluntarily received a benefit from the plaintiff which would be unjust for the defendant to retain without paying for it. *Id.; Business Dev. Servs., Inc. v. Field Container Corp.,* 96 Ill.App.3d 834, 52 Ill.Dec. 405, 422 N.E.2d 86, 95 (1981). "Because unjust enrichment is based on an implied contract, 'where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.' " *People ex rel. Hartigan,* 180 Ill.Dec. 271, 607 N.E.2d at 177; *First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1011 (7th Cir.1985).

■■ In this case, what plaintiffs seek in Count III is "their share of the money received by defendants which reflects the

value of the future sales to the Ristance Account." (Pls.' Resp.Br. at 12.) Plaintiffs allege that they are entitled to this money under the terms of the Settlement Agreement. The Settlement Agreement, however, is an express contract which governs the relationship of the parties in this case. Moreover, plaintiffs have not alleged that they have bestowed a benefit upon defendants for which plaintiffs seek payment. Thus, under Illinois law, plaintiffs cannot state a claim for unjust enrichment. Accordingly, the court grants defendants' motion to dismiss Count III and dismisses Count III.

### C. *Count IV—ISRA*

■ Count IV is a claim for violations of the ISRA. In Count IV, plaintiffs allege that (1) JT & T appointed plaintiffs as sales representatives for the Ristance Account in August of 1990; (2) the sales representation agreement was terminated by operation of the Settlement Agreement in 1993; and (3) JT & T's failure to pay commissions subsequent to the termination of the representation contract violates the ISRA.

The ISRA provides that "[a]ll commissions due at the time of termination of a contract between a sales representative and principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due." 820 Ill.Comp. Stat. § 120/2. A principal who fails to comply with the ISRA shall be liable in a civil action for exemplary damages. *Id.* § 120/3. The ISRA defines a "commission" as "compensation accruing to a sales representative for payment by a principal." *Id.* § 120/1(1). In pertinent part, the ISRA defines a "sales representative" as "a person who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission." *Id.* § 120/1(4).

In this case, plaintiffs cannot seek recovery for the money allegedly due to them under the Settlement Agreement via the ISRA. The money which defendants have not paid plaintiffs is the money due to plaintiffs under the terms of the Settlement Agreement and is not "commissions" as that term is defined by the ISRA. Further, this money was not earned by plaintiffs in their capacity as "sales representatives" in that they did not earn this money via a contract with JT & T to solicit orders; thus, plaintiffs do not meet the definition of a "sales representative" as that term is defined by the ISRA. Accordingly, the court grants defendants' motion to dismiss Count IV and dismisses Count IV.

### D. *Count I & II*

In Counts I & II, what plaintiffs seek is to enforce the terms of the Settlement Agreement entered into by the parties in the litigation that was before Judge Plunkett. However, in his order dated January 22, 1993, Judge Plunkett explicitly retained jurisdiction to enforce the settlement agreement. (Case No. 91 CV 5611, Docket Entry 124). Accordingly, the court will reserve ruling on defendants' motion to dismiss Counts I and II pending possible reassignment of this case to the docket of Judge Plunkett. If the case is reassigned to Judge Plunkett, Judge Plunkett will decide defendants' motion to dismiss Counts I and II.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendants' motion to dismiss Counts III and IV of plaintiffs' complaint and reserves ruling on defendants' motion to dismiss Counts I and II pending possible reassignment of this case to the docket of Judge Paul E. Plunkett. Accordingly, the court dismisses Counts III and IV of plaintiffs' complaint.